## Chambersburg Borough School District, Appellant, *v.* Guilford Township School District.

*School law—Division of districts—Taxes—Acts of April 11, 1862, P. L. 471, and April 3, 1903, P. L. 142.*

Where a portion of a school district is detached from a township and added to a borough, and after the current tax year the township school district collects the school taxes from the detached district, the school district of the borough cannot in a proceeding in the Quarter Sessions under the Act of April 3, 1903, P. L. 142, collect from the school district of the township the taxes thus collected, although the township school district had in law no authority to collect them.

Argued Oct. 18, 1910. Appeal, No. 219, Oct. T., 1910, by defendant, from order of Q. S. Franklin Co., Miscellaneous Record, page 78, dismissing petition for equalization in case of Chambersburg Borough School District v. Guilford Township School District. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Petition for equalization.

Gillan, P. J., filed the following opinion:

The school district of the borough of Chambersburg

presented to the court a petition setting forth, among other things, that by a proper legal proceeding the school district of said borough was enlarged by attaching thereto a portion of the township of Guilford, and asking the court to determine, on hearing, whether an undue proportion of the real estate and schoolhouses belonging to the old district are within the bounds of the enlarged district, the borough of Chambersburg, and if so, how much money should be paid therefor by the school district of the borough of Chambersburg, the enlarged district, to the school district of the township of Guilford, the old district, and if any money be on hand or debts unpaid or any taxes or other claims uncollected, after the settlement of all such accounts prior thereto, to divide the said money or debts between the said districts in such proportions, and to make such order as to uncollected taxes and other claims as shall be just, and to enter in the nature of a judgment any sum thus decreed to be due by the within named district to the other, or to any individual, in accordance with the Acts of assembly approved April 3, 1903, P. L. 142, and of April 11, 1862, sec. 10, P. L. 471. On this petition a rule was granted on Guilford township to show cause why an examiner should not be appointed, and the examiner finally was appointed; from the testimony taken we find the facts to be as follows:

1. The school district of the borough of Chambersburg and that of the township of Guilford, both in the county of Franklin, adjoin.

By an ordinance of the town council of the borough of Chambersburg, duly passed and approved November 6, 1907, a certain portion of the township of Guilford was transferred to and incorporated in the borough of Chambersburg. A certified copy of said ordinance was filed in the office of the clerk of the court of quarter sessions of Franklin county on November 11, 1907, to which was appended by leave of the court the certificate of the then clerk of the said town council on May 11, 1906.

2. In the late fall of 1907 A. J. Heintzelman, the

assessor for Guilford township, assessed the property and taxables subject to taxation in the said township, for the purpose of taxation for the year 1908, and returned such assessment to the office of the county commissioners.

3. On or about June 1, 1908, the county commissioners delivered to the proper authorities of the township of Guilford school district a true and correct copy of such assessment so far as the property and taxables therein contained were subject to taxation for school purposes. Such copy, so delivered, contained the assessment of the property and taxables situate and resident in that portion of the township of Guilford transferred to the borough of Chambersburg pursuant to the ordinance of November 6, 1907, without any separation or designation whereby such property and taxables could be distinguished from the property and taxables situate and resident in that portion of the township of Guilford not so transferred.

4. Upon such copy of the assessment so delivered the board of school directors of the township of Guilford levied a tax of four mills for school purposes on June 1, 1908, and upon the basis of such levy caused to be made out and delivered by the proper officer to E. S. Skelly, collector of taxes for the said township, a duplicate of such taxes so levied, with warrant attached, for the collection thereof.

5. Pursuant to said duplicate and the warrant attached, E. S. Skelly demanded as school taxes and collected as school taxes from property situate and taxables resident in that portion of Guilford township transferred to the borough of Chambersburg, pursuant to the ordinance of November 6, 1907, the sum of $1,051.68, which amount the collector paid over to the treasurer of the school district of Guilford township as school taxes, and took his receipt therefor.

6. In addition to the taxes so collected, there were upon the duplicate so delivered to the collector, collectible taxes payable by property situate and taxables resident in that portion of the township of Guilford transferred to the

borough of Chambersburg, pursuant to the ordinance of November 6, 1907, to the amount of $11.20, which said collector neglected and failed to collect.

7. For the school year commencing June 1, 1908, the school district of the borough of Chambersburg provided school facilities for such children as were then resident in that portion of the township of Guilford transferred to the borough of Chambersburg, as within stated, and the children so resident attended the schools of the said borough, except such as voluntarily attended the township schools.

8. This proceeding was instituted by the school district of the borough of Chambersburg, by petition presented to the court of quarter sessions of the county of Franklin, on February 2, 1909, pursuant to the provisions of the Acts of assembly of the commonwealth of Pennsylvania, approved April 3, 1903, P. L. 142, and approved April 11, 1862, P. L. 471, 1 Stewart's Pur. Dig. 652.

9. It was agreed on the argument in this case, and is so stated on the written briefs submitted by counsel on both sides, that the ordinance attaching a part of Guilford township to the borough became final and conclusive May 11, 1908.

10. There was not, on May 11, 1908, nor at the beginning of the school year, June 1, 1908, so far as the evidence discloses, any real estate or schoolhouses belonging to the old district of the township of Guilford within the bounds of the enlarged district of the borough of Chambersburg, nor was there any money on hand or debts unpaid, or any taxes or other claims uncollected; the taxes for the school year ending June 1, 1908, had all been collected. The taxes for the year beginning June 1, 1908, were laid on that day, that is to say, in the fall of 1907 the property of Guilford township had been valued by the assessor for the purposes of taxation by the school board for the year beginning June 1, 1908. This valuation of property was of all property in the township as then existing, and the same was certified to the school board

by the county commissioners without regard to any division of the township, and on June 1, 1908, the school board of Guilford township, by resolution, fixed the mill rate which this property should pay.

11. The evidence fails to show that any notice was given to the Guilford township school board that any part of the township had been detached therefrom.

12. Although on June 1, 1908, and prior thereto, to wit, from May 11, 1908, the detached portion of Guilford township was a part of the school district of the borough of Chambersburg, the school district of Chambersburg did nothing whatever toward having the property in said portion placed on their tax lists; made no effort to assess or levy a tax on said property, or to collect a tax from the property holders.

### OPINION.

This is a statutory proceeding; the statute gives us power and authority to do the things asked for by the petition. The petitioner has not, however, established any grievance provided for by the statute. The change in the territory took place, so far as it relates to the school district, on the first Monday of June, 1908, being the end of the school year next after the end of that in which the change had been decreed: Act of April 11, 1862, sec. 10, P. L. 471. On that day there was nothing to divide between the two districts; there was no money on hand, or debt unpaid, or taxes uncollected. The taxes which the Guilford township collector collected in the portion of the detached territory were not in existence until after the beginning of the school year of 1908, to wit, the first Monday of June, 1908. While the property had been valued for purposes of taxation before that time, that was the day the taxes came into being. The current year, that is, the year current with the changes in the lines of the district, had passed; nothing was left unsettled. The language of the act is:

"If any money be on hand or debt unpaid or any taxes

or other claims be uncollected after the settlement of all accounts for the current year." It is idle to say that this can refer to taxes which came into being after the year had closed and all accounts settled. It matters not that on the day this tax was levied the school authorities of Guilford township had no jurisdiction whatever in the premises. They had no more power to levy a tax against property in the detached territory than they had to levy a tax on property situate in a foreign land. It was the business of the school authorities of the borough of Chambersburg to levy the tax on this property; to place the duplicate for the collection of it in the hands of their collector and collect it; the township of Guilford had no business with it.

The statute under which this proceeding is had, however, gives us no power to order the township of Guilford to pay the money over to the petitioner, nor to enter a judgment against them for the amount; such a decree would be a mere nullity, wholly without authority. It is a most unfortunate condition of affairs. The petitioner having, however, sat supinely by and allowed the respondent to collect the money, cannot now invoke a statute wholly inapplicable. We do not say that the money cannot be collected; what we do say is, that the statute invoked has no application. The state might as well undertake to convict a man of murder in the court of common pleas as to invoke this statute to recover this money.

It is contended by petitioner, and we quote from his written brief:

"The only proposition of law in the case is that the respondents are now, by their acts and declarations at the time of the collection of these moneys, estopped from holding them to be other than 'uncollected taxes.'" It is only necessary to say that there is not a single element of estoppel in the matter. It follows that we are wholly without jurisdiction.

Petition dismissed.

*Error assigned* was order dismissing the petition.

*William S. Hoerner,* for appellant.

*Charles Walter* and *O. C. Bowers,* with them *Arthur W. Gillan,* for appellee.

PER CURIAM, November 21, 1910:

The facts of this case are not in dispute, and are so clearly set forth in the findings and opinion of the learned judge of the quarter sessions as to render a restatement of them unnecessary. If that court had authority to compel the school district of the township of Guilford to pay the taxes in question to the school district of the borough of Chambersburg, it must be found in sec. 10 of the Act of April 11, 1862, P. L. 471, or the Act of April 3, 1903, P. L. 142. So far as the provisions of these statutes relate to the question presented on this appeal, they are identical, and the language of the particular provision, upon the construction of which the case turns, is as follows: "If any money be on hand or debt unpaid or any taxes or other claims be uncollected after the settlement of all account for the current year." It may be that when the court has obtained jurisdiction under these acts, it is to proceed upon equitable principles in administering their provisions; but equitable principles cannot be invoked to extend the jurisdiction to matters not contemplated by the statute. Looking at the context, it is quite clear that the provisions, as to uncollected taxes, relate to taxes that were not collected at the end of the current year, that is, the school year in which, in the present case, the portion of the territory of the township was annexed to the borough. The legislature did not contemplate the possibility of directors of a school district levying taxes in the detached portion of the district in subsequent years, and made no provision for such case. And it is immaterial whether this was attempted the next year or a half dozen years after it ceased to be part of the district for every

purpose. As pointed out in the opinion of the learned judge, at that time "there was nothing to divide between the two districts; there was no money on hand, or debt unpaid, or taxes uncollected. The taxes which the Guilford township collector collected in the portion of the detached territory were not in existence until after the beginning of the school year of 1908, to wit, the first Monday of June, 1908. While the property had been valued for purposes of taxation before that time, that was the day the taxes came into being. The current year, that is, the year current with the changes in the lines of the district, had passed; nothing was left unsettled." This, it seems to us, is a conclusive reason for holding that the court of quarter sessions had not jurisdiction under these statutes to enter judgment against the respondent district in favor of the petitioning district for the amount of taxes collected by the former in a subsequent year in territory not belonging to it. This is a statutory proceeding, and the ingenious argument of appellant's counsel has failed to convince us that the respondent district is estopped to deny that the taxes levied by it were "uncollected taxes" at the end of the current year in which the annexation of the territory in question to the borough of Chambersburg became complete.

The decree is affirmed at the costs of the appellant.